11-13

**FILED**

**NOT FOR PUBLICATION**

OCT 23 2006

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASSOCIATES NATIONAL BANK, Delaware, a bank chartered under the laws of Delaware, | No. 04-16436 |
| | D.C. No. CV-00-00769-SOM/BMK |
| Plaintiff - Appellee, | |
| v. | MEMORANDUM [*] |
| THEODORICO ERUM, JR., | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Submitted October 17, 2006 [**]
San Francisco, California

Before: BRUNETTI, O'SCANNLAIN, and TROTT, Circuit Judges.

Pro se appellant Theodorico Erum, Jr. ("Erum") appeals the district court's

award of costs and fees to appellee Associates National Bank ("ANB"). The

---

[*]     This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

[**]     This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court awarded costs and fees pursuant to 28 U.S.C. § 1447(c) and Ninth

Circuit precedent controlling at the time ANB moved the court for the award. See

Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490 (9th Cir. 1995) (costs "incurred

as a result" of an improper removal to federal court recoverable under § 1447(c)).

After the district court rendered its decision on the issue, the United States

Supreme Court issued an opinion in Martin v. Franklin Capital Corp., 126 S.Ct.

704 (2005), which resolved a split amongst the Circuit Courts and set forth the

appropriate analysis for evaluating § 1447(c) awards. Based on Martin, we

reverse the district court.

　　In Martin, the Supreme Court affirmed a Tenth Circuit decision affirming a

district court's denial of a motion for costs and fees under § 1447(c). Although

the district court determined the defendant improperly removed the case to federal

court, it denied the plaintiff's motion for costs and fees because the defendant "had

objectively reasonable grounds to believe the removal was legally proper." 126

S.Ct. at 708 (quoting Martin v. Franklin Capital Corp., 251 F.3d 1284, 1294 (10

Cir. 2001). After Martin, whether a removal is improper is not controlling. Id. at

709 ("[I]ncorrectly invoking a federal right is not comparable to violating

substantive federal law.") (citing Fogerty v. Fantasy, Inc., 510 U.S. 517, 534

(1994)). Martin established the general rule that "[a]bsent unusual circumstances,

courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 711.

Erum had an objectively reasonable basis for removing the case to federal court. ANB's complaint alleged Erum owed ANB money pursuant to an agreement governed by federal law. It alleged Erum owed ANB interest on that money based on an interest rate governed by federal law. A reasonable litigant in Erum's position could have concluded federal court was a proper forum in which to litigate the dispute. The fact that Erum eventually agreed to a remand to state court does not make his initial removal objectively unreasonable, nor does the fact that the district court found the removal to be improper. Evaluated in light of Martin, Erum's basis for the removal was objectively reasonable.

There are no unusual circumstances to justify departing from Martin's general rule. A decision to depart from the general rule should be "faithful to the purposes of awarding fees under § 1447(c)," i.e., to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, and to observe Congress's basic decision to afford defendants a right to remove as a general matter. Id. at 711 (citing Fogerty, 510 U.S. at 534). There is nothing in the record to suggest Erum removed the case to federal court for an improper

purpose, such as prolonging litigation or imposing costs on ANB. Erum removed

the case to federal court one month after ANB filed its complaint in state court.

He filed his answer in the federal district court one week later. While it does

appear from the record that Erum has, since losing on the merits in state court,

employed various (and perhaps questionable) means to keep his claim alive and in

the judicial system, the record does not suggest that at the time Erum removed the

case to federal court he did so for the purpose of prolonging litigation or imposing

costs on ANB.

Furthermore, the record shows that after Erum removed the case to federal

court, ANB never moved for remand. When the district court provided ANB with

an opportunity to argue the issue, ANB declined to take a position. Under Martin,

ANB's failure to seek remand is not dispositive, but Martin does identify a

plaintiff's "delay in seeking remand" as one factor that might affect a court's

decision in awarding fees. Id. at 711. The fact that ANB never moved for remand

and declined to take a position on the issue reinforces the conclusion that under

Martin's general rule ANB was not entitled to costs and fees.

## REVERSED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

NOV 14 2006

by: _____
Deputy Clerk

4